HASSE *v.* THE BOLTON MORTGAGE CO. ET AL.

(Decided March 5, 1928.)

Mr. A. C. Hasse, for plaintiff.
Messrs. Wilson & Gorman, for defendants.

SULLIVAN, P. J. This cause is here on appeal from the court of common pleas. In the amended petition it is charged that the defendant the Bolton Mortgage Company is a corporation doing business in the city of Cleveland under the laws of the state of Ohio; that the aforesaid defendant is selling and disposing of its stock to the public through its agent, the defendant, A. A. Schwartz, by virtue of and as a result of an unlawful agreement between said defendants, it is claimed, in that the commissions to be paid said agent by said Bolton Mortgage Company on the sale of said stock are greater than that authorized by the General Code of Ohio; that on or about October 1, 1925, plaintiff, being then the owner of 10 shares of preferred stock of the Brooklyn Mortgage & Investment Company of Cleveland, Ohio, entered into an oral agreement with defendant the Bolton Mortgage Company, by and through its agent, A. A. Schwartz, whereby said defendant the Bolton Mortgage Company agreed to furnish and deliver to plaintiff 10 shares of its preferred stock and 5 shares of its common stock on execution and delivery by plaintiff to said the Bolton Mortgage Company of the 10 shares of preferred stock of the Brooklyn Mortgage Company belonging

to plaintiff; that on October 10, 1925, in accordance with said agreement, plaintiff did execute and deliver to said defendant the Bolton Mortgage Company, through its agent, defendant A. A. Schwartz, the 10 shares of preferred stock of the Brooklyn Mortgage & Investment Company belonging to plaintiff; that the Bolton Mortgage Company, by and through its agent, A. A. Schwartz, on or about October 10, 1925, sold said 10 shares of preferred stock of the Brooklyn Mortgage & Investment Company at one-half its value, to wit, for $500; that said defendants have retained and still have said money, and that thereafter said defendant the Bolton Mortgage Company refused, and still refuses, to execute and deliver to plaintiff its 10 shares of preferred and 5 shares of common stock of said defendant the Bolton Mortgage Company, in accordance with said agreement. The prayer is that the contract entered into between the plaintiff and defendants be specifically performed, and that said defendants be ordered to execute and deliver the stock according to the agreement, and to perform in accordance with the terms above noted, and further, that, if the same cannot be done, they be ordered to return the 10 shares of stock of the Brooklyn Mortgage & Investment Company, together with all dividends and income due and paid thereon since October 10, 1925; and the petition prays for such other judgments and decrees as may be just and proper in the premises.

The answer sets up two defenses: First, it admits corporate existence and that defendant Bolton Mortgage Company has refused to deliver to plaintiff any shares of its preferred stock, and

further denies every allegation of the petition not specifically admitted to be true; and, second, it alleges that the Brooklyn Mortgage & Investment Company is a competing corporation of the defendant, and that defendant was not authorized by law to receive payment for any of its capital stock by stock in the said Brooklyn Mortgage & Investment Company, wherefore it prayed to go hence with its costs.

There was a finding or stipulation of fact, and upon the said finding or stipulation, the referee appointed, made the following report:

"The referee submits the following facts in the above-entitled case:

"The original case was filed in the court of common pleas, but A. A. Schwartz was not a party defendant. After trial of this cause the court of common pleas rendered judgment and dismissed the plaintiff's action against the Bolton Mortgage Company on the ground that the plaintiff was not entitled to the relief prayed for against the Bolton Mortgage Company.

"The appeal from this opinion was taken to this court, and an amended petition filed by the plaintiff, in which A. A. Schwartz was made a new party defendant, and an answer was filed to the amended petition by the Bolton Mortgage Company, but no answer was filed by the defendant A. A. Schwartz.

"The referee finds that A. A. Schwartz was employed by H. H. Bolton, president of the Bolton Mortgage Company, to sell stock in the Bolton Mortgage Company for cash or on the installment basis. The referee finds that the name of the plaintiff herein was given to the defendant A. A. Schwartz

as a prospective purchaser of stock by H. H. Bolton. The referee finds that the defendant A. A. Schwartz, after repeated effort, induced the plaintiff to turn over to him (A. A. Schwartz) 10 shares of the Brooklyn Mortgage Company stock, and agreed to deliver to the plaintiff 10 shares of preferred stock and 5 shares of common stock of the Bolton Mortgage Company. The referee finds that the market value of the Bolton Mortgage Company stock herein referred to, at the time of this agreement between the plaintiff and the defendant A. A. Schwartz, was $1,000.

"The referee finds that the testimony of H. H. Bolton and the plaintiff, P. F. Hasse, are in direct conflict, in that the plaintiff, P. F. Hasse, testified that he advised H. H. Bolton that he expected to turn over to A. A. Schwartz the stock in the Brooklyn Mortgage Company, and that this conversation was held prior to the delivery of the stock to A. A. Schwartz, all of which H. H. Bolton denies. The findings of law of the referee are in no way affected or prejudiced by this conflict in testimony, as the referee finds that it is immaterial.

"The referee finds that H. H. Bolton and the plaintiff, Dr. P. F. Hasse, had known each other for approximately 15 or 20 years.

"The referee finds that in 1922 or 1923 Mr. H. H. Bolton exchanged or sold and purchased stock in the Cleveland Discount Company belonging to the plaintiff for stock in the Bolton Mortgage Company, and that no money was paid by the plaintiff, and that the transaction was a personal agreement between the plaintiff, Dr. P. F. Hasse, and H. H. Bolton to exchange the stock herein mentioned. The referee

finds that this exchange of stock upon agreement between H. H. Bolton and the plaintiff, Dr. P. F. Hasse, was made by reason of the friendship between the parties, and due to the fact that H. H. Bolton had sold the plaintiff the stock of the Cleveland Discount Company.

"The referee finds that the plaintiff delivered his stock in the Brooklyn Mortgage Company to the defendant A. A. Schwartz with the impression that this stock was to be exchanged for the Bolton Mortgage Company stock, and that it was a similar transaction to his transaction in regard to the Cleveland Discount Company stock, and that the plaintiff intended to rely upon Mr. H. H. Bolton to carry out the agreement the plaintiff made with A. A. Schwartz.

"The referee finds that Mr. Warner had no authority to sell the stock of the Brooklyn Mortgage Company from either H. H. Bolton or from the Bolton Mortgage Company.

"The referee finds that the defendant Schwartz induced Mr. Warner to draw a check payable to him for $480, which represents the sale price of the Brooklyn Mortgage Company stock, and that no part of this money was ever paid to H. H. Bolton, or returned to the plaintiff.

"The referee finds that neither the defendant A. A. Schwartz, nor H. H. Bolton, had any authority to charge the Bolton Mortgage Company by their individual acts of commission or omission in relation to the plaintiff.

"The referee finds that A. A. Schwartz took 10 shares of the Brooklyn Mortgage Company stock from the plaintiff, and agreed to deliver to the plain-

tiff 10 shares of preferred stock and 5 shares of the common stock in the Bolton Mortgage Company, and that the value of this stock was $1,000. The referee finds that A. A. Schwartz subsequently gave a note to the plaintiff in the amount of $1,000, to guarantee that he would carry out his agreement with the plaintiff.

"The referee finds that the note was held by the plaintiff for approximately six months, but that the defendant A. A. Schwartz never delivered to the plaintiff any security for said note, and never paid any money to the plaintiff under said agreement.

"FINDINGS OF LAW.

"The referee respectfully submits the following findings of law to this honorable court:

"The referee finds that there is no evidence which would entitle the plaintiff to the relief prayed for as against the Bolton Mortgage Company.

"The referee finds that the Brooklyn Mortgage Company and the Bolton Mortgage Company were competing corporations and that under Section 8683 of the General Code of Ohio the purchase of the stock of the Brooklyn Mortgage Company by the Bolton Mortgage Company is prohibited by statute.

"The referee finds that neither the defendant A. A. Schwartz, nor H. H. Bolton, had any legal authority or right to bind the Bolton Mortgage Company to the agreement entered into by the plaintiff and the defendant A. A. Schwartz.

"The referee herein therefore granted the motion of the defendant the Bolton Mortgage Company, at the close of plaintiff's case, that the action be dismissed as against the Bolton Mortgage Company.

"The referee finds that the note given by the

defendant A. A. Schwartz to the plaintiff, and held by the plaintiff for approximately six months did not and does not operate as an accord and satisfaction, in accordance with the contentions of the defendant A. A. Schwartz, for the reason that no security was given for the note, that the note was entirely void of consideration, and that nothing has been paid by the defendant A. A. Schwartz, in compliance with the agreement entered into under the date of October 20, 1925.

"The referee finds that the defendant A. A. Schwartz is in default of answer or demurrer.

"The referee finds that the defendant A. A. Schwartz entered his appearance by appearing before the referee and testifying in his own behalf and cross-examined witnesses of the plaintiff.

"The referee finds that the plaintiff is entitled to recover from the defendant A. A. Schwartz 10 shares of preferred stock and 5 shares of common stock of the Bolton Mortgage Company, together with all dividends and income due and payable since October 10, 1925, and that, if said stock cannot be delivered to the plaintiff, the plaintiff is entitled to a money judgment in the amount of $1,000, with interest from the 10th day of October, 1925, together with the costs of this action.

"By argeement of parties a stipulation of facts is submitted and a bill of exceptions is waived which the referee allowed, and returns herewith the exhibits.

"Respectfully submitted,

"[Signed]                    A. E. GRIFFITH."

On consideration of the record, the court finds the

**200**

report of the referee to be true, and therefore confirms the same.

*Decree for plaintiff.*

VICKERY and LEVINE, JJ., concur.